Bernard Silverman, Esq. Town Attorney, Fallsburg
You have asked whether a fire district commissioner may simultaneously hold an "office" in a volunteer fire company. In this context, an "office" refers to the "civil" as opposed to the firefighting function of a fire company.
Volunteer fire companies are either unincorporated associations or not-for-profit corporations. The companies have constitutions and by-laws and elect officers such as president, vice president, secretary and treasurer. These officers as such have nothing to do with firefighting. They are responsible for the "civil" operations of the company as an unincorporated association or a not-for-profit corporation. The firefighting operations, "paramilitary" in nature, are controlled by a different set of officers, a fire chief, an assistant chief, and captains and lieutenants. These separate sets of officers exercise power only in their respective operations. For example, at a membership meeting, the presiding officer controls the actions of members, including the fire chief; if, in the course of the meeting, an alarm sounds, the fire chief takes charge, and the presiding officer, as a volunteer fireman, is subject to the fire chief's direction. It is in this context of dual functions that one must consider the issue of compatibility.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interest created by the simultaneous holding of the two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable as opposed to being possibilities, there is an inherent inconsistency in the positions.
The only relevant statutory provisions concerning compatibility here are Town Law, §§ 174(4) and 175(3). The former permits a fire district commissioner or the district treasurer also to serve as district secretary. That subdivision also prohibits a commissioner from simultaneously serving as district treasurer or as fire chief or assistant chief of a volunteer fire company located in the district. The latter subdivision provides that membership in a volunteer fire company is not incompatible with service as a district commissioner, secretary or treasurer. We have said that the former subdivision is a statement of theRyan common law rule of compatibility and that the latter subdivision contains an exception to the Ryan rule (1974 Op Atty Gen [Inf] 281). We said, however, that the Ryan rule remains applicable to any district commissioner simultaneously holding any other district or fire department office "even though such office is not mentioned in the prohibition against dual office holding contained in Town Law, § 174, subdivision 4" (ibid.). In that context, "fire department officer" refers to the line officers who direct firefighting operations and are responsible to the commissioners and does not refer to the association or corporate officers who are responsible to the members.
We conclude that the office of fire district commissioner or district treasurer is not incompatible with any "civil" office in a volunteer fire company association or not-for-profit corporation. Since a district commissioner or treasurer can also be the district secretary (ibid.), it follows that a district secretary who is not a commissioner or treasurer can serve in a civil office. (We understand that there are cases where the civil side is handled by the fire chief and assistant chief. In those cases there is no civil office that a district commissioner or treasurer could hold.)
We recognize that there are possible conflict-of-interest situations that may arise if a civil officer is also a district commissioner. For example, a fire company may own its fire house or some of the firefighting apparatus. Since the cost of firefighting service is borne by the district taxpayers, appropriate contractual arrangements must be entered into between the district and the company. Obviously, it would not be appropriate for one person to sign a contract for both parties. In situations like these, the person who wears two hats can decline to participate because of a conflict of interest. So long as nonparticipation in conflict-of-interest situations is possible and the situation is not one prohibited by law (e.g., General Municipal Law, § 801), we see no reason to infer incompatibility.
We conclude that fire district commissioners and district treasurers may hold any office in a volunteer fire company that is not in the line of firefighting.